UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE A. ROBINSON, | Case No. 2:24-cv-00760-KJM-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | SCREENING THE COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| DENNIS BETTENCOURT, *et al.*, | |
| Defendants. | ECF Nos. 1 & 2 |
| | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Rose Robinson has filed a complaint against Dennis Bettencourt, Costal Capital Private Lender & Investments, and Wells Fargo Home Mortgage. Her complaint, however, fails to state a claim, and I will recommend that it be dismissed with leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1 possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not
2 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
3 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
4 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
5 n.2 (9th Cir. 2006) (en banc) (citations omitted).

6     The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
7 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
8 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
9 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
10 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
12 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **Analysis**

14     The complaint presents fragmented grievances surrounding the foreclosure of plaintiff's
15 home.  The complaint itself contains no independent allegations, but rather is comprised of
16 numerous attachments.  From those attachments, the court understands that plaintiff, who
17 identifies as a disabled black woman, owned a home in Benicia, California.  ECF No. 1 at 21.
18 Plaintiff had a mortgage on the home through defendant Wells Fargo, and, at some point, plaintiff
19 obtained a home remodeling loan from defendant Coastal Capital.  *Id.* at 11.  The second loan
20 was for $137,000, but plaintiff claims that defendant Coastal Capital only gave her $80,000.  *Id.*
21 at 45.  Plaintiff requested the remaining $40,000, but defendant Coastal Capital refused to give
22 her the money because she was three months late on her loan payments.  *Id.* at 15, 46.  It appears
23 that due to this default, and possibly a default of the Wells Fargo loan, plaintiff's home was sold
24 at a foreclosure sale.  Defendant Bettancourt purchased the home at the foreclosure sale.  *Id.* at
25 78-81.  Following the foreclosure sale, plaintiff was evicted from the property.  *Id.* at 33.  In
26 October 2023, Bettencourt filed a case in Solano County Superior Court against plaintiff for her
27 wrongful possession of the property.  *Id.* at 34-36 (Solano County Case No. CL23-01927).
28

Plaintiff alleges that the actions of the defendants violated her rights under the Americans with Disabilities Act. *Id.* at 4-5.

The complaint does not state a cognizable claim. As an initial matter, plaintiff's cursory citation to the ADA does not provide the defendants or the court of the specific claim plaintiff is attempting to allege. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Moreover, it does not appear that the complaint contains allegations against the named defendants of discrimination.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by her current complaint. If she selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    September 3, 2024          /s/ Jeremy Peterson        
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE