UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE A. ROBINSON, | Case No. 2:24-cv-0760-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DENNIS BETTENCOURT, *et al.*, | |
| Defendants. | |

Plaintiff Rose Robinson has filed an amended complaint against Dennis Bettencourt, Costal Capital, and Wells Fargo Home Mortgage. Her amended complaint, however, fails to state a claim. I will dismiss her complaint and give her a final opportunity to file an amended complaint that addresses the defects noted herein.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1

1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The amended complaint contains many of the same factual allegations as the initial complaint. ECF No. 9. Plaintiff owned a home in Benicia, California and took out a loan from Coastal Capital Lending. According to plaintiff, Coastal Capital was aware at the time that plaintiff was in the process of obtaining a loan modification on an existing loan with Wells Fargo. Plaintiff obtained a loan for $120,000 from Coastal Capital; she received $80,000 of the loan immediately, and was told by Coastal Capital that she would receive the remaining $40,000 thirty days after the modification with Wells Fargo was approved. The modification with Wells Fargo, however, took 15 months.

Plaintiff claims that she was told by an unknown entity (presumably Coastal Capital) that the $40,000 was being held in order to prevent foreclosure—but she never received that money. Then, on August 24, 2022, Coastal Capital claimed that plaintiff defaulted on her loan and filed to foreclose on her home. Plaintiff explains that the same day her Wells Fargo modification was decided—December 28, 2022—her home was foreclosed upon based on Coastal Capital's notice of default, and that Bettencourt purchased the loan at public auction. The following month, January 2023, plaintiff filed for Chapter 13 bankruptcy. During the pendency of the bankruptcy proceeding, plaintiff's home was sold at action in March 2023. Her bankruptcy case was dismissed in May 2023.

Plaintiff appears to being alleging a claim against defendants for violation of the automatic bankruptcy stay when her home was sold in March 2023.

Once plaintiff filed for Chapter 13 bankruptcy in January 2023, her estate was under an automatic stay. *See HSBC Bank USA, N.A. v. Blendheim (In re Blendheim)*, 803 F.3d 477, 484 (9th Cir. 2015) ("'The filing of a Chapter 13 petition creates an estate and triggers an automatic stay, which 'prohibit[s] all entities from making collection efforts against the debtor or the property of the debtor's estate.'") (citing 11 U.S.C. § 362). However, plaintiff acknowledges in her complaint that her loan was sold to Bettencourt and her home was foreclosed upon in December 2022—a month before she filed for bankruptcy in January 2023; she later claims that her home was sold in March 2023. As it stands, it is unclear whether plaintiff's home was part of her bankruptcy estate. At present, the complaint does not state a claim for violation of the automatic bankruptcy stay.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 9, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3

      3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

      4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 10, 2025                         /s/ Jeremy Peterson
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE