UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE A. ROBINSON, | Case No. 2:24-cv-0760-DC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DENNIS BETTENCOURT, *et al.*, | |
| Defendants. | |

Plaintiff Rose Robinson has filed a second amended complaint against Dennis Bettencourt, Costal Capital, and Wells Fargo Home Mortgage. Since her complaint continues to fail to state a claim, and plaintiff has been afforded multiple opportunities to cure the issues identified in my prior orders, I now recommend that her second amended complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
6  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Allegations**

18  The second amended complaint alleges that in February and April 2022, plaintiff filed for
19  a modification of her Wells Fargo loan.  ECF No. 13 at 6.  In November 2022, Wells Fargo
20  notified plaintiff that her application was missing a proof of occupancy; Wells Fargo allowed her
21  thirty days to file such proof.  *Id.*  Plaintiff states that she submitted her proof of occupancy to
22  Wells Fargo in September, but that she never received an approval or denial letter.  *Id.*

23  Plaintiff took out a second loan from Coastal Capital for $120,000.  *Id.*  Plaintiff received
24  $80,000 from the lender in October 2021, but the lender withheld the remining $40,000.  *Id.*
25  Plaintiff states that she has "a typed notice of ownership change from Coastal Capital that I
26  received that dates '1-2-2022.'  I have evidence that says the house was sold on 12/28/2022 at
27  9:30am and went back to the beneficiary, which is Coastal Capital, [w]hile I was still under a
28  pending modification with Wells Fargo, which violates Civil Code section 2924.11 that states

2

1  'server must generally pause foreclosure while it is making a decision on your completed loan
2  modification.'" *Id.*
3        The complaint also alleges that in January 2023, plaintiff filed for bankruptcy to stop
4  defendant Dennis Bettencourt from taking her home while she was awaiting her loan modification
5  from Wells Fargo. *Id.* Then, in May 2023, Bettencourt acquired title to plaintiff's home, and
6  Bettencourt initiated eviction proceedings in September 2023. Plaintiff states that she was
7  ultimately evicted in December 2023.

8  **Analysis**

9        As a threshold matter, the second amended complaint fails to establish a basis for the
10 court's subject matter jurisdiction. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &
11 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question
12 jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution,
13 (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution,
14 or (3) be authorized by a federal statute that both regulates a specific subject matter and confers
15 federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
16 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
17 matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*
18 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction
19 of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of*
20 *America*, 511 U.S. 375, 376-78 (1994).

21       Plaintiff states a single state-law claim for violation of California Civil Code § 2924.11.
22 Accordingly, federal question jurisdiction is absent. *Id.* at 4. Moreover, the second amended
23 complaint indicates that plaintiff and both defendant Bettencourt and defendant Coastal Capital
24 are California citizens, and therefore diversity jurisdiction is also absent.

25       Additionally, plaintiff's allegations fail to state a claim for violation of California Civil
26 Code Section 2924.11, which regulates when a notice of default and notice of trustee's sale can
27 be recorded after "a foreclosure prevention alternative is approved in writing." Cal. Civ. Code
28 § 2924.11. Plaintiff does not allege that she accepted or was approved for a foreclosure

3

prevention alternative. *See Dyer v. Specialized Loan Servicing LLC*, No. 3:24-CV-0361-W (MMP), 2024 WL 4683292, at *4 (S.D. Cal. Nov. 5, 2024) (dismissing the plaintiff's claim for violation of California Civil Code § 2924.11 because the plaintiff failed to allege that she had been approved or accepted a foreclosure prevention alternative). Moreover, plaintiff alleges that she was waiting to accept a loan modification, but she does not allege that the modification was a foreclosure prevention alternative or that she accepted any proposed modification. Without a written foreclosure prevention alternative, plaintiff has no recourse under California Civil Code § 2924.11.

Plaintiff has not alleged any other claims, and the court cannot discern any other potential claims from her allegations. Accordingly, the second amended complaint should be dismissed. And given the complaint's deficiencies and that plaintiff has already been given multiple opportunities to amend her complaint, I find that granting plaintiff another opportunity to amend would not cure the current complaint's deficiencies. I therefore recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 13, be DISMISSED without leave to amend for lack of jurisdiction and for failure to state a claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 30, 2025                                    _____
                                                                         JEREMY D. PETERSON
                                                                         UNITED STATES MAGISTRATE JUDGE